MR. JUSTICE ERICKSON
delivered the opinion of the Court.
The Attorney General has appealed from the ruling of the district court that the grant of immunity from prosecution embodied in section 6-1-111(1), C.R.S. 1973,[1] is not sufficiently broad to permit the prosecution to compel respondent Sari to testify, over Sari’s invocation of his Fifth Amendment privilege against self-incrimination.[2] We affirm.
*237 Sari has refused to answer questions regarding alleged deceptive trade practices of his employer, Courtesy Ford. It is not disputed that the activities in question could serve as a basis for the imposition of criminal sanctions under both federal (15 U.S.C. 1984) and Colorado statutes (sections 42-6-201(1), (2), (3) and (5), C.R.S. 1973).
The United States Supreme Court long ago held that it is constitutionally permissible for the state to substitute a grant of immunity for the protections of the Fifth Amendment. See, e.g., Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892). Thus, a party may be compelled to testify if he is afforded that “protection against the use of compelled testimony which consists in gaining therefrom a knowledge of the details of a crime, and of sources of information which may supply other means of convicting the witness or party.” Id. at 586. The grant of immunity “is not sufficient to compel testimony over a claim of the privilege, unless the scope of the grant of immunity is coextensive with the scope of the privilege.” Kastigar v. United States, 406 U.S. 441, 450, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). To be sufficiently broad, the grant of immunity must leave the witness and the state “in substantially the same position as if the witness had claimed the privilege in the absence of a state grant of immunity.” Murphy v. Waterfront Commission, 378 U.S. 52, 78, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).
The Supreme Court in Kastigar was addressing the same question which is before us. The issue presented was whether the grant of immunity contained in 18 U.S.C. 6002 was sufficient to supplant the constitutional privilege. The statute in issue (18 U.S.C. 6002) provided that, once the grant of immunity was given,
“no testimony or other information compelled . . . {or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case. . . .” (Emphasis added.)
In Kastigar, the declaration was made, in upholding the statutory protections as being sufficiently broad, that the prohibition against derivative use of compelled testimony (emphasized above) was constitutionally mandated. The Supreme Court underscored the requirement that derivative use of compelled testimony by the state must be forestalled when it noted that other immunity statutes “have been found deficient for failure to prohibit the use of all evidence derived from compelled testimony.” Id. at 458. See Counselman v. Hitchcock, supra; Arndstein v. McCarthy, 254 U.S. 71, 73, 41 S.Ct. 26, 65 L.Ed. 138 (1920).
In light of these requirements, the grant of immunity contained in Section 6-1-111(1) of the Consumer Protection Act cannot withstand constitutional scrutiny. The first sentence prohibits the use or release of “information or evidence,” obtained by the Attorney General; it does not prohibit the use or release of information or evidence derived from the *238 evidence obtained. The second sentence provides that no evidence secured under the provisions of the Consumer Protection Act by the Attorney General will be admissible in any criminal prosecution. However, the Consumer Protection Act does not provide that evidence derived from such evidence shall not be admissible. Finally, the first clause of the third sentence of the statute permits the Attorney General to disclose that a specific person has committed a specific crime. Such a provision is in direct contravention of the requirements set forth in Counselman v. Hitchcock, supra, and Murphy v. Waterfront Commission, supra.
The Attorney General would have us avoid the constitutional issues raised by Section 6-1-111(1) of the Consumer Protection Act by interpreting the statute to contain the Counselman — Kastigar limitations. Such a drastic overhaul would amount to rewriting the statute and would amount to judicial legislation. If the General Assembly wishes to grant full use immunity for testimony compelled under the Consumer Protection Act, it may do so.
Accordingly, the ruling of the district court is affirmed.
MR. JUSTICE KELLEY does not participate.

 Since we dispose of this case on the basis of the United States Constitution, we need not reach the question whether the Colorado Constitution imposes stricter requirements. Tuttle v. People, 33 Colo. 243, 255, 79 P. 1035, 1039, 1039 (1905).

 The immunity section of the Consumer Protection Act provides:
“6-1-111. Information and evidence confidential and inadmissible — when. (1) The attorney general shall not release any information or evidence obtained by him pursuant to the provisions of this article, to any district attorney or his investigator or to any law enforcement officer for use in any criminal prosecution. The information or evidence produced by the attorney general under this article shall not be admissible in evidence in any such prosecution. The provisions of this subsection (1) shall not be construed to prevent the attorney general from disclosing to any district attorney or law enforcement officer the fact of the commission of a crime by any person, nor shall the same be construed to prevent any district attorney or his investigator or any law enforcement officer from independently producing or obtaining the same or similar facts, information, or evidence for use in any criminal prosecution.”