OPINION OF THE COURT
Charles P. Márchese, J.
Motion by defendant for an order pursuant to CPL 170.30 (subd 1, par [f ]) and 190.40 (subd 2) dismissing the within felony complaints is denied.
On August 28, 1980, defendant pleaded guilty to three class A misdemeanors. Each plea was to attempted promoting gambling in the first degree, and each was in satisfaction of a separate open felony complaint. All three matters were set down for sentence on October 23, 1980. On that date defendant requested and received a one-week adjournment of sentence. On that same day, October 23, 1980, defendant was examined before the Nassau County Grand Jury pursuant to a subpoena issued earlier. No written waiver of immunity was requested or executed.
Defendant now moves to dismiss the felony complaints to which he pleaded guilty, claiming that his Grand Jury testimony prior to sentence, but subsequent to pleading guilty, renders him immune from sentence. Defendant further alleges that his Grand Jury testimony referred to matters for which he pleaded guilty.[1]
*270 Given that defendant would have been immune from prosecution if prior thereto he had been requested to testify before the Grand Jury, the issue presented is whether the giving of such testimony after a plea of guilty, but prior to sentence, renders the defendant immune from sentence.
New York provides automatic transactional immunity to every witness who testifies before a Grand Jury, except in certain circumstances not applicable here (CPL 190.40, subd 2). Transactional immunity not only protects the witness from subsequent use of his testimony, as is required by the Federal Constitution (Kastigar v United States, 406 US 441), but also protects the witness from being convicted or punished for or on account of any “transaction * * * concerning which he gave evidence” (CPL 50.10, subd 1; e.g., People v Rappaport, 47 NY2d 308). The Court of Appeals has expressly recognized that these statutes grant “a transactional immunity from prosecution for any crime revealed by a witness’ testimony before a Grand Jury.” (Matter of Gold v Menna, 25 NY2d 475, 481.)
Defendant contends that a literal reading of CPL 50.10 (subd l)[2] requires dismissal of the felony complaints since defendant is now immune from sentence. The People argue that the law affords immunity from prosecution, not immunity from the consequences of a plea of guilty already entered.
In construing these provisions we are, in the absence of controlling authority, left to the language and purpose of the Legislature and to case law relative thereto. The spirit and purpose of the act and the objects to be accomplished must be considered. “However broad the language of the statute may be, the letter does not govern unless the intention of the Legislature is thereby given effect”. (Schieffelin v Lahey, 243 NY 102, 111; see, also, People ex rel. Hunt v Lane, 132 App Div 406, affd 196 NY 520.)
In People ex rel. Taylor v Forbes (143 NY 219, 227-228), the court stated: “The right of a witness to claim the benefit of these provisions has frequently been the subject *271 of adjudication in both the Federal and state courts. The principle established by these decisions is that no one shall be compelled in any judicial or other proceeding against himself, or upon the trial of the issues between others, to disclose facts or circumstances that can be used against him as admissions tending to prove his guilt or connection with any criminal offense of which he may then or after-wards be charged”.
Clearly, the purpose of immunity is to preserve the privilege against self incriminating testimony in a judicial proceeding. The design of the constitutional privilege is to protect a witness from “being compelled to furnish evidence to convict him of a criminal charge.” (Brown v Walker, 161 US 591, 605-606.) In the instant case, defendant knowingly and understanding^ relinquished his right to remain silent by voluntarily making a statement that is actually incriminatory. Central to the foundation for entering judgment upon defendant’s guilty pleas is the defendant’s admissions in open court that he committed the acts charged in the felony complaints. These admissions constitute a waiver of defendant’s privilege against self incrimination. (Brady v United States, 397 US 742; Reina v United States, 364 US 507; McCarthy v United States, 394 US 459; Boykin v Alabama, 395 US 238; Steinbrecher v Wapnick, 24 NY2d 354.)
Under these circumstances, we hold that defendant is not entitled to immunity from sentence. The statutory provisions here involved were designed to protect a witness who is compelled to testify before the Grand Jury, from future prosecution or conviction, not to confer immunity from punishment pursuant to a prior conviction. (People v Fine, 173 Misc 1010; Katz v United States, 389 US 347, 349, n 3; see, also, People ex rel. Gross v Sheriff of City of N.Y., 277 App Div 546, affd 302 NY 173; People ex rel. Hunt v Lane, supra; Reina v United States, supra.)
Defendant cites Matter of Jaime T. (96 Misc 2d 173) in support of his position. In that case the court considered whether a dispositional order could be entered with respect to a juvenile who admitted committing an act of delinquency. Subsequent to the admission, but before the dispositional hearing, the juvenile was compelled to testify *272 before a Grand Jury concerning the acts he had admitted committing. The court specifically noted that a juvenile delinquency petition must allege not only that a person less than 16 years of age committed an act which if done by an adult would constitute a crime, but also, it must allege that “the respondent requires supervision, treatment, or confinement.” (Family Ct Act, § 731, subd 1, par [c].)
In holding that no dispositional order could be entered, the court concluded that the actual adjudication of delinquency occurs at the dispositional stage of an article 7 proceeding (Family Ct Act, art 7). The case is thus distinguishable on the facts.
For the foregoing reasons the defendant’s motion for an order dismissing the within felony complaints should be denied and the matter set down for sentence on a date certain.

. The People contend that defendant’s testimony related only to one of the felony complaints to which defendant pleaded guilty. Since we conclude that defendant is not entitled to immunity, we do not determine this issue.

. CPL 50.10 (subd 1) provides that a person who receives immunity “cannot *** be convicted of any offense or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he gave evidence [before the Grand Jury]” (emphasis supplied).