The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Stanley Noah SINGER, Defendant-Appellant.

No. 83CA0552.

Colorado Court of Appeals, Div. II.

Aug. 16, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeffrey A. Springer, P.C., Robert M. Brown, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Stanley Noah Singer, appeals the trial court's denial of his Crim.P. 35(c) motion for post-conviction relief from his conviction by a jury of three counts of felony theft. We affirm.

The underlying facts concerning the three counts of theft over $10,000 for which defendant was convicted are set forth in our opinion in *People v. Singer*, 663 P.2d 626 (Colo.App.1983), in which we affirmed defendant's convictions. It is sufficient to note that defendant was convicted on December 31, 1981, sentenced to four years probation on February 10, 1982, and that we affirmed defendant's convictions on April 7, 1983.

On August 17, 1982, the defendant was required to appear in Jefferson County District Court to be deposed as part of a civil proceeding in which defendant was named as a third-party defendant. At the deposition, defendant refused to answer nearly all questions asked of him on the grounds that his criminal case was, at that time, on appeal in this Court and that his response to the questions in deposition "might tend to incriminate" him.

Upon defendant's repeated refusals to answer questions at the deposition, the plaintiffs in the civil suit sought an order from the district court compelling defendant to answer all questions. On August 25, 1982, the district court granted such an order compelling defendant to answer all questions pertaining to the civil case, noting as well its considered opinion that "any evidence obtained as a result thereof could not be used against [the defendant] in later criminal actions." Accordingly, on September 23, 1982, defendant appeared at a second deposition in the civil action and answered questions propounded to him in accordance with the court's order.

Defendant contended in his Crim.P. 35(c) motion for post-conviction relief that, by compelling his testimony in the civil action in derogation of his constitutional privilege against compelled self-incrimination, the trial court in the civil action effectively granted defendant immunity, which was necessarily transactional, from prosecution on the criminal charges, thereby vitiating his convictions and sentence then on appeal. The trial court disagreed with such a contention and denied defendant's Crim.P.

35(c) motion. We agree with the trial court's denial of that motion.

Defendant here relies heavily upon *Steinberger v. District Court*, 198 Colo. 59, 596 P.2d 755 (1979) to support his arguments that, because he was compelled to forfeit his Fifth Amendment right and possibly to incriminate himself: (1) he must be granted immunity and (2) that immunity must necessarily be transactional. We agree with defendant's first argument, but disagree with his second argument.

In *Steinberger*, our Supreme Court sanctioned as "constitutionally permissible" two types of immunity: (1) transactional and (2) use-derivative use immunity. Those two varieties of immunity were distinguished as follows:

"'Transaction immunity may be simply described as that which precludes prosecution for any transaction or affair about which a witness testifies. Use immunity, by contrast, is a grant with limitations. Rather than barring a subsequent related prosecution, it acts only to suppress, in any such prosecution, the witness' testimony and evidence derived directly or indirectly from that testimony.'" *People v. Steinberger, supra,* quoting *Wheeler v. District Court,* 184 Colo. 193, 519 P.2d 327 (1974).

In *Steinberger*, the prosecution specifically requested that defendant be granted use-derivative use immunity while testifying against his co-defendant in a separate trial because, although defendant already had been convicted, he was still awaiting sentencing. However, our Supreme Court applied § 13–90–118, C.R.S., and concluded that "any immunity granted *pursuant to this statute*, regardless of how the trial court labels it, is necessarily transactional immunity" because defendant's testimony about any aspect of the subject matter giving rise to the guilty verdict "might influence the trial court's sentencing decision." *Steinberger v. District Court, supra* (emphasis added).

Section 13–90–118, C.R.S., provides:

"When in the judgment of any district attorney, attorney general, or special prosecutor of the state of Colorado the testimony of any witness ... in any case or proceeding before any court of the state of Colorado ... involving any violation of the penal laws of the state is necessary to the public interest, he may make application to the court that the witness be instructed to testify ... subject to the provisions of this section. Upon order of the court, the witness shall not be excused from testifying ... on the grounds that the testimony ... required of him may tend to incriminate him or subject him to a penalty or forfeiture; but no such witness may be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify ... nor may testimony so compelled be used as evidence in any criminal proceeding against him in any court...."

Here, unlike in *Steinberger*, no "district attorney, attorney general, or special prosecutor" made application to the court that defendant be instructed to testify in derogation of his privilege against self-incrimination. Rather, here, the court so instructed the defendant to testify in a civil case upon request by an attorney in that civil case. Hence, while the facts in *Steinberger* invited the application of § 13–90–118, C.R.S., the facts in the case before us do not. Therefore, any immunity afforded defendant here was not necessarily transactional in nature.

Quite to the contrary, the language of *Steinberger* itself strongly suggests that where a defendant is compelled to provide incriminating testimony after he has already been "convicted *and sentenced,*" he is *not* entitled to a pardon and eradication of his sentence based on transactional immunity. Specifically, our Supreme Court stated:

"The respondent court argues that broad language in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) and *Reina v. United States*, 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249

(1960), interpreting a federal immunity statute with the same language as Colorado's, supports its contention that section 13–90–118 did not bar imposition of sentence here. Both of those cases, however, presented a different issue: whether a defendant already serving a sentence for the transaction about which he was compelled to testify was entitled to a pardon eradicating the unserved portion of his sentence. The Supreme Court declined to require such a pardon. *The fact that the defendants in Katz and Reina had been sentenced before their testimony was compelled clearly distinguishes those cases from this one."* *Steinberger v. District Court, supra* (emphasis added).

In view of the distinction between the facts in *Steinberger* and the facts in the case before us, we hold that any immunity to which defendant here was entitled as a result of the testimony he was compelled to give in a civil case amounted to nothing more than the "constitutionally permissible" type of immunity known as "use immunity." For, unlike the testimony of the defendant in *Steinberger,* the testimony of the defendant herein could not possibly have affected the judge's sentencing decision in the criminal case because defendant herein was sentenced six months prior to the giving of such testimony.

Had defendant here been prosecuted subsequent to the related civil proceeding, he would have been entitled, at most, to suppress in any such prosecution any evidence derived directly or indirectly from his compelled testimony in the civil proceeding. *See Steinberger v. District Court, supra.* However, since defendant here was not retried and since he had been sentenced prior to the making of any compelled, self-incriminating statements, defendant was subject to no additional prosecution, penalty, or forfeiture as a result of such compelled statements. Therefore, the trial court was correct in denying defendant's Crim.P. 35(c) motion for post-conviction relief.

Order affirmed.

SMITH and VAN CISE, JJ., concur.