**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Edward Marc LEDERER, Defendant-Appellant.**

No. 84CA1129.

Colorado Court of Appeals, Div. I.

March 6, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeralyn E. Merritt, Richard Cummins, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Edward Mark Lederer, seeks to have his sentence, which was entered upon his plea of guilty, vacated and the underlying action dismissed. We affirm.

Defendant pled guilty to one count of second degree burglary, a class four felony. He entered this plea in exchange for dismissal of eleven other counts. Subsequent to his conviction, but prior to his sentencing, defendant was granted immunity under § 13–90–118(1), C.R.S. (1985 Cum. Supp.) and was compelled to testify against a co-defendant.

Defendant objected to the order compelling his testimony and to the grant of immunity, and now again argues that he was deprived of his Fifth Amendment privilege against self-incrimination because he was ordered to testify prior to being sentenced. He also states that his compelled incriminating statements could have influenced the court to impose a harsher sentence, and therefore, he should have been immunized from sentencing and from a final judgment of conviction. We disagree.

Defendant primarily relies on *Steinberger v. District Court*, 198 Colo. 59, 596 P.2d 755 (1979). In interpreting § 13–90–118, as it existed in 1979, the court there found that defendant was given "necessarily transactional immunity." Therefore, based on its ruling that the statute required transactional immunity, the court in *Steinberger* concluded that defendant was immunized from sentencing.

However, the statute was repealed and reenacted in 1983 omitting the transactional language relied upon in *Steinberger*. The current statute, § 13–90–118(1), C.R.S. (1985 Cum.Supp.) states that "no testimony or other information compelled under the order, or any information directly or indirectly derived from such testimony or other information, may be used against the witness in any criminal case...." Therefore, the statute protects the witness from use of the compelled testimony or evidence derived therefrom in subsequent criminal proceedings. As such, the immunity granted to defendant was not transactional, and therefore, *Steinberger* is inapposite here.

The current statute's explicit proscription of the use in any criminal case of compelled testimony or any information derived from such testimony is consonant and co-extensive with the protection afforded by the Fifth Amendment. *See Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); *People ex rel. Smith v. Jordan*, 689 P.2d 1172 (Colo.App. 1984). Thus, contrary to defendant's argument, § 13–90–118(1), C.R.S. (1985 Cum. Supp.) affords him protection as guaranteed by the Fifth Amendment.

There is no evidence in the record that defendant's immunity was violated. On the contrary, the record indicates that neither defendant's testimony nor any derivative information was used against him in his sentencing.

The presumptive range for a class four felony is two to four years of imprison-

ment. Section 18–1–105(1)(a)(II), C.R.S. (1985 Cum.Supp.). Defendant, however, was sentenced to only 90 days in jail, and was granted four years of probation. The lack of severity of defendant's sentence alone indicates that he was not subjected to a harsher penalty.

Furthermore, defendant's sentencing took place three months after his testimony was compelled, and the trial court judge stated that he did not remember defendant's testimony. In addition, the presentencing report recommended four years of probation and 60–90 days in jail with no mention of defendant's testimony or any derivative information.

Therefore, because there is no showing in the record that defendant's testimony or any information derived therefrom was used against him, he was not deprived of his Fifth Amendment privilege.

The judgment of conviction and the sentence imposed are affirmed.

BERMAN and KELLY, JJ., concur.