[No. 17974-8-I.   Division One.   October 26, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. BRUCE MITCHELL McCULLOUGH, *Appellant.*

*Dennis Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Greg Hubbard, Deputy,* for respondent.

WILLIAMS, J.*—Bruce Mitchell McCullough appeals from a judgment and sentence entered against him on one count of first degree robbery. He contends that the trial court should have granted his motion to dismiss when, after conviction but before sentencing, he was granted immunity pursuant to CrR 6.14.

## I

McCullough was charged by amended information with one count of first degree robbery. He went to trial and was found guilty as charged on November 19, 1985. A few days later, while he was awaiting sentencing, McCullough was subpoenaed to testify at the trial of Dean Conrad, an alleged coparticipant in the robbery. McCullough refused to testify, and, in order to compel his testimony, the State moved for an order granting him immunity pursuant to CrR 6.14. On November 25, the trial court granted the State's motion and ordered McCullough to testify about the robbery.

Subsequent to his testimony, McCullough moved to dismiss, arguing that because of the order granting him immunity, he could not be subjected to a criminal penalty for the transaction about which he had testified. In the alternative, McCullough asked the court to maintain the conviction but refrain from imposing a sentence. The trial court denied the motion, and McCullough was sentenced on February 6, 1986. He brings this timely appeal.

## II

CrR 6.14 provides:

In any case the court on motion of the prosecuting attorney may order that a witness shall not be excused from giving testimony or producing any papers, documents or things, on the ground that his testimony may tend to incriminate or subject him to a penalty or forfeiture; but *he shall not be prosecuted or subjected to criminal penalty or forfeiture for or on account of any*

---

*Justice William H. Williams is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

*transaction, matter, or fact concerning which he has been ordered to testify pursuant to this rule.* He may nevertheless be prosecuted for failing to comply with the order to answer, or for perjury or the giving of false evidence.

(Italics ours.) McCullough correctly argues that a literal application of CrR 6.14 would bar imposition of a sentence in this case. For to sentence him on the robbery conviction would surely be to subject him to a criminal penalty for a transaction concerning which he has been ordered to testify pursuant to CrR 6.14.

Under similar circumstances, the Supreme Court of Colorado has held that a defendant may not be sentenced. In *Steinberger v. District Court,* 596 P.2d 755 (Colo. 1979), the defendant was compelled to testify after she was convicted but before she was sentenced. *Steinberger,* 596 P.2d at 756–57. Colorado's immunity statute then provided that

[n]o such witness may be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self–incrimination, to testify or produce evidence . . .

(Italics omitted.) *Steinberger,* 596 P.2d at 758. The court held that the imposition of a sentence for the crime described by the defendant's compelled testimony was barred by the "plain words" of the immunity statute. *Steinberger,* 596 P.2d at 758. "To hold otherwise", the court said, "would constitute judicial deletion from the statute of the immunity shield it provides against 'penalty or forfeiture' predicated on compelled testimony."[1] *Steinberger,* 596 P.2d at 758.

However, under somewhat different circumstances, the Supreme Court of Washington has rejected a literal application of our own immunity provision. In *State v. Runions,*

---

[1]The statute at issue was repealed and reenacted in 1983 omitting the transactional language relied upon in *Steinberger. People v. Lederer,* 717 P.2d 1017, 1018 (Colo. Ct. App. 1986). The new statute provides for "use" immunity instead of "transactional" immunity. *See Lederer,* 717 P.2d at 1018.

100 Wn.2d 52, 665 P.2d 1358 (1983), the defendant was granted immunity pursuant to CrR 6.14 after he was convicted *and sentenced. Runions,* 100 Wn.2d at 53. The Court of Appeals, with Judge Reed dissenting, applied CrR 6.14 literally, holding that the State's power to impose any punishment terminated upon the entry of the order granting immunity. *State v. Runions,* 32 Wn. App. 669, 671, 649 P.2d 144 (1982), *rev'd,* 100 Wn.2d 52, 665 P.2d 1358 (1983).

The Supreme Court reversed, holding that the grant of immunity had no effect on the conviction and sentence, although it would bar a retrial. *Runions,* 100 Wn.2d at 53. The court first noted that CrR 6.14 was based on a similarly worded federal immunity statute.[2] *Runions,* 100 Wn.2d at 54. That statute had been held not to confer immunity from punishment pursuant to a conviction and sentence entered before the grant of immunity. *Katz v. United States,* 389 U.S. 347, 349 n.3, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967); *Runions,* 100 Wn.2d at 56. The court was also persuaded by certain policy reasons enunciated by Judge Reed in his dissent:

> Because this testimony in no way led to his conviction or the sentence imposed, . . . the immunity given to defendant Runions cannot be construed so broadly as to terminate this prior punishment to which his subsequent testimony in no way contributed. To interpret CrR 6.14 otherwise . . . is to misconstrue the purpose of the immunity rule. Such a provision is not a reward for furnishing evidence to the State. Its function and utility exist only so long as defendant's testimony might incriminate him or tend to subject him to additional penalties. . . .
>
> . . .
> . . . Because defendant Runions' testimony cannot possibly tend to incriminate him for a crime for which he has already been tried, convicted and sentenced, and, because any punishment suffered by defendant

---

[2]The statute, former 47 U.S.C. § 409(*l*), was repealed in 1970. The current federal immunity statute, 18 U.S.C. § 6002, provides for "use" immunity rather than "transactional" immunity. For a history of both CrR 6.14 and the federal immunity statutes, see *Runions,* 32 Wn. App. at 672–77 (Reed, J., dissenting).

was not suffered as a result of his subsequent testimony, then the only excuse for defendant's right to withhold "every man's evidence" ceases.

*Runions,* 100 Wn.2d at 57–58 (quoting *Runions,* 32 Wn. App. at 679–80 (Reed, J., dissenting)).

We must therefore consider whether, in light of these policy reasons, the fact that McCullough was granted immunity before, instead of after, sentencing distinguishes this case from *Runions.* We conclude that it does. The privilege against self–incrimination does not terminate upon a finding of guilt before the defendant has been sentenced. *Steinberger,* 596 P.2d at 757; *In re Jaime T.,* 96 Misc. 2d 173, 408 N.Y.S.2d 901, 905 (Fam. Ct. 1978). Even after a conviction, the defendant may further incriminate himself by making statements which could affect the severity of the sentence to be imposed. *Jaime T.,* 408 N.Y.S.2d at 905; *Steinberger,* 596 P.2d at 757; *cf. Runions,* 100 Wn.2d at 58 (defendant's testimony cannot incriminate him with respect to a crime for which he has already been convicted *and sentenced.*) Therefore, since the "function and utility" of the immunity rule exist "so long as defendant's testimony might incriminate him or tend to subject him to additional penalties", *Runions,* 100 Wn.2d at 57–58, the rule must be applicable to a defendant such as McCullough whose testimony is compelled before he is sentenced.

The State argues that the immunity rule has been satisfied in this case because McCullough's testimony was not in fact used to enhance his sentence. However, this argument only serves to obscure the distinction between "transactional" immunity and "use" immunity. Where it applies, CrR 6.14 does more than prohibit the *use* of compelled testimony; it requires that a witness not be "subjected to criminal penalty . . . on account of any transaction, matter, or fact concerning which he has been ordered to testify". It may be that use immunity, being "coextensive with the scope of the privilege against self–incrimination", is preferable to transactional immunity. *Kastigar v. United States,* 406 U.S. 441, 453, 32 L. Ed. 2d 212, 92 S. Ct. 1653 (1972);

*see also Runions,* 32 Wn. App. at 680–81 (Reed, J., dissenting). Nevertheless, under CrR 6.14, transactional immunity is still the rule in Washington. *Runions,* 100 Wn.2d at 55.

We therefore hold that because of the order granting McCullough immunity before he was sentenced, the trial court was precluded from entering a judgment and sentence against him. Since McCullough's status cannot be "left hanging" indefinitely without a final judgment, the charge must be dismissed. *Steinberger,* 596 P.2d at 758; *see also Jaime T.,* 408 N.Y.S.2d at 907.

Reversed and remanded.

RINGOLD, A.C.J., and WEBSTER, J., concur.